**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X  Case No. 19-cv-07298-LGS
NICOLAS BRIU,

                                    Plaintiff,

                                                        FIRST AMENDED
                                                        **COMPLAINT**

                -against-


HEALTHCARE REVENUE RECOVERY
GROUP, LLC, AKRON BILLING CENTER and
EMERGENCY PHYSICIAN SERVICES OF
NEW JERSEY, PROFESSIONAL ASSOCIATION,

                                    Defendants.
-----------------------------------------------------------------X

                Plaintiff, by and through his attorneys, FAGENSON & PUGLISI, PLLC,

upon knowledge as to himself and his own acts, and as to all other matters upon

information and belief, brings this complaint against above-named defendants and in

support thereof alleges the following:

                                INTRODUCTION

                1.      This is an action for damages brought by an individual consumer

for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15

U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive,

deceptive and unfair acts and practices.

                2.      Further, this is an action for damages and an injunction brought

by an individual consumer pursuant to New York General Business Law ("NYGBL")

§ 349 and in negligence regarding defendants' deceptive acts and practices.

## JURISDICTION AND VENUE

3.     This Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

4.     This Court has venue pursuant to 28 U.S.C. § 1391(b) in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

5.     Plaintiff is a natural person who resides in this District.

6.     Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as he is a natural person who is alleged by defendants to owe a financial obligation.

7.     The financial obligation which defendants sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the allegedly defaulted obligation which defendants sought to collect from plaintiff was a medical debt.

8.     Plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

9.     Defendant Healthcare Revenue Recovery Group, LLC ("HRRG") is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

10.     The principal purpose of HRRG's business is the collection of defaulted consumer debts.

11.     HRRG uses the mails and the telephone in its business the principal purpose of which is the collection of defaulted consumer debts.

12.     HRRG regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

13.     Upon information and belief, HRRG is foreign limited liability company organized under the laws of the State of Florida.

14.     Defendant Akron Billing Services ("ABS") is a company with a principal place of business in the State of Ohio.

15.     At all times material to this complaint, ABS regularly conducted business and conducts business within the State of New York.

16.     Defendant Emergency Physician Services of New Jersey, Professional Association ("EPS") is a professional association with a principal place of business in the State of New Jersey.

17.     At all times material to this complaint EPS, itself or through its agents, regularly conducted business and conducts business within the State of New York.

18.     At all times material to this complaint, HRRG was an agent of EPS.

19.     At all times material to this complaint, EPS was HRRG's principal.

20.     At all times material to this complaint, EPS had the ability to exercise control and did exercise control over the conduct of HRRG.

3

21.     EPS is directly liable for its own unlawful conduct and is vicariously liable for the unlawful conduct of HRRG.

22.     At all times material to this complaint, ABS was an agent of EPS.

23.     At all times material to this complaint, EPS was ABS's principal.

24.     At all times material to this complaint, EPS had the ability to exercise control and did exercise control over the conduct of ABS.

25.     EPS is directly liable for its own unlawful conduct and is vicariously liable for the unlawful conduct of ABS.

FACTUAL ALLEGATIONS

26.     Plaintiff re-alleges paragraphs 1 to 25 as if fully re-stated herein.

27.     At some point in time, plaintiff allegedly incurred a medical debt to EPS.

28.     At some subsequent point in time, EPS alleged that the debt fell into default.

29.     ABS sent two or more bills to plaintiff for the said debt under account number ending 14402.

30.     EPS hired ABS to send the bills to plaintiff.

31.     EPS caused ABS to send the bills to plaintiff.

32.     ABS sent the bills to plaintiff on behalf of EPS.

33.     In or around April 2019, ABS sent a bill marked "final notice" to plaintiff in an attempt to collect the debt.

34.     Said "final notice" bill is dated April 28, 2019.

35.     ABS sent the "final notice" bill to plaintiff on behalf of EPS.

36.     After receipt of the "final notice" bill, plaintiff consulted with his attorneys at Fagenson & Puglisi, PLLC concerning the bill and the alleged debt.

37.     On behalf of plaintiff, Fagenson & Puglisi sent a letter dated May 10, 2019 to ABS's address.

38.     Said letter was sent to ABS's address but the addressee was EPS, as indicated on the "final notice" bill.

39.     In the letter, Fagenson & Puglisi informed EPS and ABS that Fagenson & Puglisi represents plaintiff and that plaintiff should not be contacted directly.

40.     Further, in the said letter Fagenson & Puglisi informed EPS and ABS that plaintiff disputed the debt and requested documentation supporting their claim.

41.     HRRG sent a collection letter dated June 11, 2019 to plaintiff.

42.     Said collection letter was an attempt by HRRG to collect the same alleged EPS debt which ABS previously tried to collect.

43.     HRRG sent its collection letter directly to plaintiff at his home.

44.     HRRG sent the collection letter to plaintiff on behalf of EPS.

45.     HRRG sent the collection letter to plaintiff in an attempt to collect the same debt allegedly owed to EPS.

46.     EPS hired HRRG to collect the debt from plaintiff.

47.     In the matter of the collection of the said debt, EPS was HRRG's client.

48.     HRRG's client, EPS, knew that plaintiff was represented by counsel.

49.     HRRG's client, EPS, knew that plaintiff was represented by counsel and should not be contacted directly before HRRG sent its said collection letter to plaintiff.

50.     ABS received Fagenson & Puglisi's letter dated May 10, 2019.

51.     EPS received Fagenson & Puglisi's letter dated May 10, 2019.

52.     ABS knew that plaintiff was represented by counsel before HRRG sent its said letter to plaintiff.

53.     ABS ought to have informed EPS that plaintiff was represented by counsel before HRRG sent its said letter to plaintiff.

54.     EPS knew that plaintiff was represented by counsel before HRRG sent its said letter to plaintiff.

55.     EPS informed HRRG that plaintiff was represented by counsel.

56.     EPS informed HRRG that plaintiff was represented by counsel before HRRG sent its said collection letter directly to plaintiff at his home.

57.     EPS ought to have informed HRRG that plaintiff was represented by counsel before HRRG sent its said letter to plaintiff at his home.

58.     HRRG knew that plaintiff was represented by counsel and should not be contacted directly.

59.     HRRG knew that plaintiff was represented by counsel and should not be contacted directly before HRRG sent its said collection letter directly to plaintiff at his home.

60.     In any event, HRRG had an affirmative duty to inquire of EPS whether plaintiff was represented by counsel before HRRG communicated directly with plaintiff.

61.     HRRG did not inquire of EPS whether plaintiff was represented by counsel before HRRG communicated directly with plaintiff.

62.     HRRG communicated directly with plaintiff in the sending of its collection letter directly to him at his home, notwithstanding HRRG's prior knowledge that plaintiff was represented by counsel in the matter of the debt.

63.     Upon receipt of the said collection letter from HRRG at his home, plaintiff felt surprise, annoyance, irritation, upset and a sense that HRRG, ABS and EPS were trying to intimidate and harass him into paying a disputed debt for which he had legal representation.

## ALLEGATIONS AGAINST HRRG

### AS AND FOR A FIRST CAUSE OF ACTION

Improper direct communication with Plaintiff

15 U.S.C. §§ 1692c(a)(2) and 1692e

64.     Plaintiff re-alleges paragraphs 1 to 63 as if fully re-stated herein.

65.     HRRG knew that plaintiff was represented by Fagenson & Puglisi before HRRG sent its collection letter directly to plaintiff at his home.

7

66.    Further, HRRG had an affirmative duty to inquire of its client, EPS, whether plaintiff was represented by counsel before HRRG sent its collection letter directly to plaintiff at his home.

67.    HRRG did not inquire of EPS whether plaintiff was represented by counsel before HRRG sent its collection letter directly to plaintiff at his home.

68.    In sending its collection letter directly to plaintiff at his home, notwithstanding knowledge that plaintiff was represented by counsel, HRRG violated 15 U.S.C. § 1692c(a)(2).

69.    HRRG's sending of its letter directly to plaintiff at his home was a result of HRRG's violation of its affirmative duty to inquire of EPS, before communicating with plaintiff directly, whether plaintiff was represented by counsel, thereby violating 15 U.S.C. § 1692c(a)(2).

70.    HRRG is further in violation of 15 U.S.C. § 1692e in that HRRG's sending of its letter directly to plaintiff at his home despite its knowledge that plaintiff was represented by counsel constitutes a deceptive and misleading means used by HRRG in an attempt to collect the debt, and was an effort to mislead plaintiff into communicating with HRRG directly in disregard of the representation of legal counsel.

71.    HRRG is further in violation of 15 U.S.C. § 1692e in that HRRG's conduct in communicating with plaintiff directly  as a result of its  violation of its affirmative duty to inquire of EPS, before communicating with plaintiff, whether plaintiff was represented by counsel, constitutes a deceptive and misleading means used in an attempt to collect the debt and was an effort to mislead plaintiff into

communicating with HRRG directly in disregard of the representation of legal counsel.

## AS AND FOR A SECOND CAUSE OF ACTION

### NYGBL § 349

72.     Plaintiff re-alleges paragraphs 1 to 71 as if fully re-stated herein.

73.     HRRG owed a duty to plaintiff to effect its collection of plaintiff's alleged debt with reasonable care.

74.     HRRG breached its duty to collect plaintiff's debt with reasonable care.

75.     In the exercise of reasonable care HRRG ought to have ensured that for any debt on which an attorney represented the consumer any communication by HRRG was made with the attorney and not with the consumer directly.

76.     The fact that HRRG contacted plaintiff directly regarding the same debt for which HRRG had been informed that plaintiff had legal representation indicates a failure on the part of HRRG to comply with or to perform its duty to effect collection of the debt with reasonable care.

77.     On information and belief, HRRG obtains tens of accounts of New York residents each month for the purpose of collection.

78.     HRRG's act of communicating with plaintiff directly is a deceptive act and practice.

79.     Said deceptive act and practice was committed by HRRG in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

80.     HRRG's deceptive act and practice was consumer–oriented, in that HRRG's act of communicating directly with a legally–represented consumer despite knowledge that he was represented by counsel was not an act limited to plaintiff's account, but extended to the accounts of other consumers which HRRG obtained from EPS for collection and on which there was legal representation.

81.     HRRG maintained no procedure to ensure that it did not communicate directly with consumers it knew to be represented by counsel.

82.     HRRG's said conduct of communicating directly with legally– represented consumers has a broader impact on consumers at large whose accounts are obtained by HRRG from EPS for collection and who are represented by counsel in the matter of the collection of their debts.

83.     HRRG owes a duty to plaintiff and consumers at large to honor their right to legal representation and HRRG's failure to honor plaintiff's said right resulted in HRRG sending its collection letter to plaintiff directly at his home, thereby improperly encouraging plaintiff to communicate with HRRG directly about a debt for which he had the representation of counsel.

84.     Therefore, HRRG's failure to honor plaintiff's legal representation and its sending of its collection letter directly to plaintiff was deceptive and misleading in a material way.

85.     Plaintiff is a reasonable consumer within the meaning of the NYGBL and acted reasonably under the circumstances of this case.

86.     Upon receipt of the said collection letter from HRRG at his home, plaintiff felt surprise, annoyance, irritation, upset and a sense that HRRG, ABS and EPS were trying to intimidate and harass him into paying a disputed debt for which he had legal representation.

87.     As a result of the above violations, plaintiff is entitled to injunctive relief against HRRG and HRRG is liable to plaintiff for damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

### AS AND FOR A THIRD CAUSE OF ACTION

### Negligence *per se*

88.     Plaintiff re-alleges paragraphs 1 to 87 as if fully re-stated herein.

89.     Under the NYGBL § 349(a), HRRG owed a recognized duty to plaintiff to effect collection of his alleged debt with reasonable care.

90.     Under the NYGBL § 349(a), HRRG had a recognized duty not to use deceptive acts and practices in the conduct of its business in the State of New York.

91.     HRRG breached its duty to plaintiff.

92.     HRRG breached said duty to plaintiff by disregarding his right to legal representation and sending its collection letter directly to him at his home.

93.     HRRG communicated with plaintiff directly in breach of its duty to effect collection of the debt with reasonable care.

94.     As a direct result of HRRG's said breach of duty to plaintiff, plaintiff suffered damage.

95.     As a direct result of HRRG's said breach of duty to plaintiff, plaintiff suffered damage in that plaintiff felt surprise, annoyance, irritation, upset and a sense that HRRG, ABS and EPS were trying to intimidate and harass him into paying a disputed debt for which he had legal representation, and his receipt of HRRG's collection letter at his home caused him to question whether Fagenson & Puglisi still represented him in the matter of the debt.

WHEREFORE, plaintiff respectfully prays that judgment be entered against HRRG as follows:

(a)     awarding maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(b)     awarding actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial.

(c)     awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(d)     enjoining HRRG from continuing to communicate with plaintiff directly, pursuant to NYGBL § 349;

(e)     enjoining HRRG from committing further deceptive and misleading acts and practices against plaintiff, pursuant to NYGBL § 349;

(f)     awarding actual damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(g)     in the alternative to (f), awarding statutory damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(h)     awarding reasonable attorneys' fees, costs and disbursements

pursuant to NYGBL § 349(h);

(i)      awarding damages to plaintiff in the tort of negligence; and

(j)      for such other and further relief as may be just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

**ALLEGATIONS AGAINST EPS**

AS AND FOR A FOURTH CAUSE OF ACTION

NYGBL § 349

96.     Plaintiff re-alleges paragraphs 1 to 95 as if fully re-stated herein.

97.     Under the NYGBL, EPS owed a duty to plaintiff to effect its collection of plaintiff's alleged debt with reasonable care.

98.     As an alternative cause of action, EPS breached its duty to collect plaintiff's debt with reasonable care.

99.     EPS did not inform HRRG that plaintiff was represented by counsel.

100.    EPS did not inform HRRG that plaintiff was represented by counsel before HRRG sent its collection letter dated June 11, 2019 to plaintiff.

101.    EPS caused HRRG to send the collection letter directly to plaintiff at his home.

102.    In the exercise of reasonable care EPS ought to have ensured that for any debt on which an attorney represented the consumer any communication by EPS or by any of its agents was made with the attorney and not with the consumer directly.

103.    The fact that EPS's agent, HRRG, contacted plaintiff directly regarding the same debt for which EPS had been informed that plaintiff had legal representation indicates a failure on the part of EPS to comply with or to perform its duty to effect collection of the debt with reasonable care.

104.    On information and belief, at all times material to this complaint. EPS placed with HRRG tens of accounts of New York residents each month for the purpose of collection.

105.    EPS's act of failing to inform HRRG that plaintiff was represented by counsel is a deceptive act and practice.

106.    Said deceptive act and practice was committed by EPS in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

107.    EPS's deceptive act and practice was consumer–oriented, in that EPS's act of failing to inform HRRG that plaintiff was represented by counsel despite knowledge that he was so represented was not an act limited to plaintiff's account, but extended to the accounts of other consumers which HRRG obtained from EPS for collection and on which there was legal representation.

108.     EPS maintained no procedure to ensure that it did not communicate directly, by its agent HRRG, with consumers it knew to be represented by counsel.

109.     EPS's said conduct of failing to inform its agents that consumers are represented by legal counsel despite so knowing has a broader impact on consumers at large whose accounts are obtained by HRRG from EPS for collection and who are represented by counsel in the matter of the collection of their debts.

110.     EPS owes a duty to plaintiff and consumers at large to honor their right to legal representation and EPS's failure to honor plaintiff's said right resulted in HRRG, EPS's agent, sending its collection letter directly to plaintiff at his home, thereby improperly encouraging plaintiff to communicate with HRRG directly about a debt for which EPS knew he had the representation of counsel.

111.     Therefore, EPS's failure to honor plaintiff's legal representation and its agent HRRG's sending of its collection letter directly to plaintiff were deceptive and misleading in a material way.

112.     Plaintiff is a reasonable consumer within the meaning of the NYGBL and acted reasonably under the circumstances of this case.

113.     Upon receipt of the said collection letter from HRRG at his home, plaintiff felt surprise, annoyance, irritation, upset and a sense that HRRG, ABS and EPS were trying to intimidate and harass him into paying a disputed debt for which he had legal representation.

114.     As a result of the above violations, plaintiff is entitled to injunctive

relief against EPS and EPS is liable to plaintiff for damages in an amount to be

determined at the time of trial, plus costs and attorneys' fees.

## AS AND FOR A FIFTH CAUSE OF ACTION

### Negligence *per se*

115.     Plaintiff re-alleges paragraphs 1 to 114 as if

 fully re-stated herein.

116.     Under the NYGBL § 349(a), EPS owed a recognized duty to

plaintiff to effect collection of his alleged debt with reasonable care.

117.     Under the NYGBL § 349(a), EPS had a recognized duty not to use

deceptive acts and practices in the conduct of its business in the State of New York.

118.     EPS breached its duty to plaintiff.

119.     EPS breached said duty to plaintiff by not informing HRRG of

plaintiff's legal representation, thereby disregarding his right to legal representation and

causing HRRG to send its collection letter directly to plaintiff at his home.

120.     EPS communicated with plaintiff directly, by its agent HRRG, in

breach of its duty to effect collection of the debt with reasonable care.

121.     As a direct result of EPS's said breach of duty to plaintiff, plaintiff

suffered damage.

122.     As a direct result of EPS's said breach of duty to plaintiff,

plaintiff suffered damage in that plaintiff felt surprise, annoyance, irritation, upset

and a sense that HRRG, ABS and EPS were trying to intimidate and harass him into

16

paying a disputed debt for which he had legal representation, and his receipt of HRRG's collection letter at his home caused him to question whether Fagenson & Puglisi still represented him in the matter of the debt.

123.    EPS is directly liable for its own conduct in failing to inform HRRG that plaintiff was represented by counsel before HRRG sent its collection letter directly to plaintiff at his home.

124.    Even if EPS had informed HRRG of plaintiff's legal representation in a timely manner, EPS is nevertheless vicariously liable to plaintiff for the improper conduct of its agent HRRG in nevertheless communicating directly with plaintiff.

WHEREFORE, plaintiff respectfully prays that judgment be entered against EPS as follows:

(a)    enjoining EPS from continuing to communicate with plaintiff directly, by itself or through others, pursuant to NYGBL § 349;

(b)    enjoining EPS from committing further deceptive and misleading acts and practices against plaintiff, pursuant to NYGBL § 349;

(c)    awarding actual damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(d)    in the alternative to (c), awarding statutory damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(e)    awarding reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h);

(f)    awarding damages to plaintiff in the tort of negligence; and

(g)    for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

### ALLEGATIONS AGAINST ABS

## AS AND FOR A SIXTH CAUSE OF ACTION

## NYGBL § 349

125.    Plaintiff re-alleges paragraphs 1 to 124 as if fully re-stated herein.

126.    Under the NYGBL, ABS owed a duty to plaintiff to effect its collection of plaintiff's alleged debt with reasonable care.

127.    As an alternative cause of action, ABS breached its duty to collect plaintiff's debt with reasonable care.

128.    ABS received Fagenson & Puglisi's letter dated May 10, 2019.

129.    ABS did not inform EPS that plaintiff was represented by counsel.

130.    ABS did not inform EPS that plaintiff was represented by counsel before HRRG sent its collection letter dated June 11, 2019 to plaintiff.

131.    In the exercise of reasonable care, ABS ought to have ensured that for any debt on which an attorney represented the consumer it timely informed EPS of such legal representation.

18

132.   ABS's failure to inform EPS in a timely manner of plaintiff's legal representation caused EPS to place the debt with HRRG for collection without informing HRRG of plaintiff's legal representation.

133.   On information and belief, at all times material to this complaint, EPS placed with ABS tens of accounts of New York residents each month for the purpose of collection.

134.   ABS's conduct of failing to inform EPS of plaintiff's legal representation is a deceptive act and practice.

135.   Said deceptive act and practice was committed by ABS in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

136.   ABS's deceptive act and practice was consumer–oriented, in that ABS's act of failing to inform EPS of plaintiff's legal representation despite ABS's knowledge that he was represented by counsel was not an act limited to plaintiff's account, but extended to the accounts of other consumers which ABS obtained from EPS for collection and on which there was legal representation.

137.   ABS's maintained no procedure to ensure that it timely informed EPS of consumers' legal representation.

138.   ABS's said conduct of failing to inform EPS that plaintiff was represented by counsel has a broader impact on consumers at large whose accounts are obtained by ABS from EPS for collection and who are represented by counsel in the matter of the collection of their debts.

139.    ABS owes a duty to plaintiff and consumers at large to honor their right to legal representation and ABS's failure to honor plaintiff's said right resulted in EPS, ABS's principal, causing HRRG to send its collection letter directly to plaintiff at his home, thereby improperly encouraging plaintiff to communicate with HRRG directly about a debt for which ABS knew more than a month earlier plaintiff had the representation of counsel.

140.    Therefore, ABS's failure to honor plaintiff's legal representation resulting in EPS causing HRRG to send its collection letter directly to plaintiff at his home, was deceptive and misleading in a material way.

141.    Plaintiff is a reasonable consumer within the meaning of the NYGBL and acted reasonably under the circumstances of this case.

142.    Upon receipt of the said collection letter from HRRG at his home, plaintiff felt surprise, annoyance, irritation, upset and a sense that HRRG, ABS and EPS were trying to intimidate and harass him into paying a disputed debt for which he had legal representation.

143.    As a result of the above violations, plaintiff is entitled to injunctive relief against ABS and ABS is liable to plaintiff for damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

AS AND FOR A SEVENTH CAUSE OF ACTION

Negligence *per se*

144.    Plaintiff re-alleges paragraphs 1 to 143 as if fully re-stated herein.

145.    Under the NYGBL § 349(a), ABS owed a recognized duty to plaintiff to effect collection of his alleged debt with reasonable care.

146.    Under the NYGBL § 349(a), ABS had a recognized duty not to use deceptive acts and practices in the conduct of its business in the State of New York.

147.    ABS breached its duty to plaintiff.

148.    ABS breached said duty to plaintiff by not informing EPS of plaintiff's legal representation, thereby disregarding his right to legal representation and causing HRRG to send its collection letter directly to plaintiff at his home.

149.    As a direct result of ABS's said breach of duty to plaintiff, plaintiff suffered damage.

150.    As a direct result of ABS's said breach of duty to plaintiff, plaintiff suffered damage in that plaintiff felt surprise, annoyance, irritation, upset and a sense that HRRG, ABS and EPS were trying to intimidate and harass him into paying a disputed debt for which he had legal representation, and his receipt of HRRG's collection letter at his home caused him to question whether Fagenson & Puglisi still represented him in the matter of the debt.

WHEREFORE, plaintiff respectfully prays that judgment be entered against ABS as follows:

(a)     enjoining ABS from continuing to communicate with plaintiff directly, by itself or through others, pursuant to NYGBL § 349;

(b)     enjoining ABS from committing further deceptive and misleading acts and practices against plaintiff, pursuant to NYGBL § 349;

(c)     awarding actual damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(d)     in the alternative to (c), awarding statutory damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(e)     awarding reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h);

(f)      awarding damages to plaintiff in the tort of negligence; and

(g)     for such other and further relief as may be just and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
        September 25, 2019.

*/s/ Novlette R. Kidd*
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI, PLLC
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212) 268-2128
Nkidd@fagensonpuglisi.com